IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN DUNAI,

              Plaintiff,

v.                                  No. 14-CV-600-pp

JAMES ZANON (in his individual capacity),
STANLEY DOMAN (in his individual capacity),
MARK BORKOWSKY (in his individual capacity),
JAMES BRAASCH (in his individual capacity),
JONATHAN DUDEK (in his individual capacity),
JASON GROLEAU (in his individual capacity),
W. IERNIMO (in his individual capacity),
K. JENNERJOHN (in his individual capacity),
A. JOHNSON (in his individual capacity),
SARAH KRAFT (in her individual capacity),
ROGER NORTON (in his individual capacity),
DANTE ROBERTS (in his individual capacity),
G. SCHLIEVE (in his individual capacity),
ERIC SCHROEDER (in his individual capacity),
DANIEL WOLF (in his individual capacity),
TIM EICHERT (in his individual capacity),
SHAWN McWANE (in his individual capacity),
STEVE MUSHA (in his individual capacity),

              Defendants.

**SCREENING ORDER**

I.    **BACKGROUND**

Plaintiff Ryan Dunai, who is incarcerated at the Green Bay Correctional Institution, filed a second amended complaint alleging that the defendants—Oshkosh Correctional Institution (OSCI) employees—"violated Dunai's rights as protected by the Fourth, Eighth, and Fourteenth Amendment to the United States Constitution" by intentionally "forcing Dunai to stay in a cell where the

1

temperatures were consistently below freezing." Dkt. No. 16, at 4-5. The plaintiff is represented by counsel. The plaintiff pleaded the same allegations in his first amended complaint, but only against two officers, James Zanon and Stanley Doman. In the second amended complaint, the plaintiff has named sixteen additional individuals as defendants, and has pled separate claims against the "correction officer defendants" and the "maintenance defendants."

The court is required to screen complaints filed by prisoners seeking "redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must dismiss "Any portion of the complaint" that "is frivolous, malicious or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). To avoid dismissal for failure to state a claim upon which the court can grant relief, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). His statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). In other words, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face." Id. (quoting Twombly, 550 U.S. at 570) (emphasis added). "A claim has facial plausibility

2

when the plaintiff pleads factual content that allows the court do draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, the court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. Second, if there are well-pleaded factual allegations, the court then must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." Buchanan Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)).

## II. FACTUAL ALLEGATIONS

The plaintiff alleges that, beginning on January 17, 2014, he was placed in a cell in OSCI's segregation unit that was "extremely cold," so much so that "water froze in cups in his cell[,] Dunai could see his breath[,] he suffered from an inability to sleep[,] and he was constantly shivering." Dkt. No. 16 at 3.

3

Additionally, the plaintiff alleges that, during the time he was in the segregation unit, he was issued only standard clothing and was given no additional blankets. Id. To stay warm, "Dunai paced constantly. As a result, he suffered blisters, muscle aches, headaches and serious weight loss." Id. at 4. The plaintiff complained about these conditions to the correction officer defendants, but "none of the corrections officers . . . took any action with respect to the plaintiff's complaint, despite their knowledge of the extremely cold temperatures." Id. at 3. The plaintiff alleges that "maintenance staff defendants . . . were aware of the extreme cold in the segregation wing [and] were deliberately indifferent to information about the significance of the problem with cold." Id. at 4. According to the plaintiff, the maintenance defendants intentionally failed "to repair the heating unit for the segregation wing and/or [failed] to inform others of the significance of the mechanical problem[.]" Id. at 5.

The plaintiff claims that, in December 2013 and January 2014, "other inmates housed in segregation also made complaints about the extreme cold, including the complaint that it was cold enough to freeze water in the cells." Id. at 3. He filed a formal complaint on January 29, 2014. Id. The plaintiff alleges that on March 5, 2014, "ICRS Correctional Officer Theresa Murphy affirmed Dunai's January 29 complaint about the cruel and unusual conditions of his confinement." Id. at 4.

The second amended complaint indicates that defendants James Zanon and Stanley Doman, as well as newly-added defendants Mark Borkowsky,

4

James Braasch, Jonathan Dudek, Jason Groleau, W. Iernimo, K. Jennerjohn, A. Johnson, Sarah Kraft, Roger Norton, Dante Roberts, G. Schlieve, Eric Schroeder and Daniel Wolf all were employed as correctional officers at OCI. Dkt. No. 16 at 2. The amended complaint states that during his stay in the freezing cell, the plaintiff made complaints to each of these officers about the extreme cold conditions, and that none of them took any action on those complaints. Id. at 3. He also alleges that newly-added defendants Tim Eichert, Shawn McWane and Steve Musha were employed as maintenance technicians at OSCI. Id. at 2. The plaintiff argues that these defendants knew of the extreme cold in the segregation wing, but took no steps to repair the problem. Id. at 4.

On August 14, 2014, Judge Stadtmueller (who presided over the case before its transfer to Judge Pepper) issued a screening order on the original complaint. Dkt. No. 8. That complaint contained the same factual allegations as the second amended complaint, except that it did not list the newly-added correctional officer defendants as having received and ignored complaints, and did not list the newly-added maintenance tech defendants as having failed to act despite knowledge of the temperature problem. Judge Stadtmueller concluded that the plaintiff had alleged sufficient factual allegations to allow him to proceed on an Eighth Amendment deliberate indifference to serious medical condition claim. Id. at 3.

After counsel made a notice of appearance on behalf of the plaintiff, the plaintiff filed an amended complaint. Dkt. No. 12. This complaint contained the

5

same factual allegations, but stated that the facts gave rise to violations of the plaintiff's "rights as protected by the Fourth, Eighth and Fourteenth Amendment to the United States Constitution." Id. at 3. Judge Stadtmueller screened this complaint in an order dated October 7, 2014. Dkt. No. 13. In that order, the court allowed the plaintiff to proceed on the Eighth Amendment deliberate indifference claim, as well as on a Fourteenth Amendment due process claim. The Court concluded, however, that the plaintiff had not stated any cognizable claim under the Fourth Amendment, and did not allow him to proceed on that claim. Id. at 3.

This court now has reviewed the factual allegations in the second amended complaint, particularly as they relate to the newly-added defendants (Dkt. No. 16). The court agrees with Judge Stadtmueller that the plaintiff has alleged cognizable Eighth and Fourteenth Amendment claims against all of the defendants, including the newly-added ones, and will allow him to proceed on his Eighth and Fourteenth Amendment claims against all defendants. As Judge Stadtmueller concluded in his prior screening order, however, the plaintiff still has not pleaded a cognizable Fourth Amendment claim; thus, Dunai cannot proceed on that claim.

The court **ORDERS** that the plaintiff's second amended complaint is the operative complaint in this case, and that the plaintiff may proceed on the Eighth and Fourteenth Amendment claims in that complaint.

The court **ORDERS** that, pursuant to the Prisoner E-Filing Pilot Project (in effect at Green Bay Correctional Institution, where the plaintiff presently is

6

incarcerated), the plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court.

The court will send copies of this order to the warden of the institution where the inmate is confined.

The court advises the plaintiff that if he fails to timely file required documents, it may result in the court dismissing his case for failure to prosecute.

The parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

The court has scheduled a status conference for June 1, 2015 at 11:30 a.m. by telephone. At that time, the court will discuss with the parties scheduling new dates and deadlines in the case.

Dated at Milwaukee, this 27th day of May, 2015.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge